SUMMARY ORDER
Plaintiff Juan Martinez appeals from a judgment of the District Court entered on *701 June 27, 2008, 2008 WL 2566565, following a successful motion for summary judgment by defendants City of New York (the “City”), Police Officer Carlos Muentes, and Police Officer Juderca Baez (collectively, “the officers”). After Martinez was mistakenly arrested and detained for nine days on a bench warrant for another person with the same name and same birth date, plaintiff brought suit pursuant to 42 U.S.C. § 1983 against the officers and the City. Martinez alleged violations of, inter alia, his Fourth Amendment right to be free from false arrest and false imprisonment, and his Fourteenth Amendment right to due process of law. On appeal, Martinez argues that the District Court erred in finding (1) that the officers had probable cause to arrest plaintiff and (2) that the nine day detention was not otherwise a violation of the Fourth Amendment or the Due Process Clause of the Fourteenth Amendment. We assume the parties’ familiarity with the facts and procedural history of this case.
We review a district court’s grant of summary judgment de novo, construing all facts in favor of the non-moving party. See, e.g., Graves v. Finch Pruyn & Co., 457 F.3d 181, 183 (2d Cir.2006); Jeffreys v. City of New York, 426 F.3d 549, 553 (2d Cir.2005). Summary judgment is appropriate only upon a showing “that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(c).
Because the officers had probable cause to arrest Martinez, plaintiff failed to establish a claim of false arrest and imprisonment against the officers. To successfully establish a claim of false arrest and imprisonment, a plaintiff must show that the confinement was not “otherwise privileged.” Posr v. Doherty, 944 F.2d 91, 97 (2d Cir.1991). If probable cause for the arrest existed at the time of arrest, the confinement is privileged. Jocks v. Tavernier, 316 F.3d 128, 135 (2d Cir.2003). “Probable cause ‘exists when [one] ha[s] knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested.’ ” Williams v. Town of Greenburgh, 535 F.3d 71, 79 (2d Cir.2008) (quoting Zellner v. Summerlin, 494 F.3d 344, 368 (2d Cir.2007)).
As in this case, a mistaken identity can provide the basis for probable cause. Hill v. California, 401 U.S. 797, 802-03, 91 S.Ct. 1106, 28 L.Ed.2d 484 (1971) (holding that police officers have probable cause to arrest an individual with a sufficiently similar appearance to the description in a warrant). If officers arrest an individual based on a mistaken identification, that arrest is still constitutionally valid if the police have probable cause to arrest the person sought and the arresting officer reasonably believed that the arrestee was that person. Id.
The officers in this case had probable cause to arrest and detain plaintiff. At the time of the arrest, the officers knew of an outstanding warrant for an individual with the same name and birth date as plaintiff. Although the physical description in the outstanding warrant differed in skin tone, height, and weight from plaintiffs physical appearance, the discrepancies were, as the District Court found, “too minor to preclude a finding of probable cause.” Martinez v. City of New York, No. 06-5671, 2008 WL 2566565, at *3, 2008 U.S. Dist. LEXIS 49203, at *8 (S.D.N.Y. June 27, 2008). A difference of “slightly more than two inches in height and twenty pounds in weight, as well as different skin tone” when the two individuals had the same *702 name and birth date, is not enough to uphold a claim of false arrest. Id.
Plaintiff contends that even if the arresting officers had probable cause to arrest him, the continued detainment without adequate investigation into his claim of mistaken identity violates the Due Process Clause. However, “a person arrested pursuant to a warrant issued by a magistrate on a showing of probable-cause is not constitutionally entitled to a separate judicial determination that there is probable cause to detain him.” Baker v. McCollan, 443 U.S. 137, 143, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). Arresting officers, furthermore, are not required to investigate a claim of innocence — even a claim of innocence that is based on mistaken identity. Id. at 145-46, 99 S.Ct. 2689. Although the officers arguably could have fingerprinted plaintiff, or otherwise investigated his claim of mistaken identity, they were not constitutionally required to do so. The officers’ behavior, therefore, did not violate plaintiffs rights under the Due Process Clause.
Without a valid constitutional claim under the Fourth Amendment or the Due Process Clause against the arresting officers, plaintiffs claims against the officers were properly dismissed following defendants’ motion for summary judgment.
The District Court also properly granted summary judgment for the City, as plaintiff failed to show that a municipal policy or custom caused a violation of plaintiffs constitutional rights. First, plaintiff identifies no specific policy or custom as the source of the alleged constitutional violations. See Monell v. New York City Dep’t of Soc. Servs., 436 U.S. 658, 694-95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (holding municipalities liable only when specific policies or customs cause constitutional violations and expressly stating that vicarious liability for constitutional violations does not apply to municipalities). Moreover, plaintiff asserts no constitutional violation that would trigger municipal liability in this case. As the District Court notes, “A municipality cannot be liable for acts by its employees which are not constitutional violations.” Martinez, 2008 WL 2566565, at *4, 2008 U.S. Dist. LEXIS 49203, at *12 (citing City of Los Angeles v. Heller, 475 U.S. 796, 798-99, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986); Curley v. Village of Suffern, 268 F.3d 65, 71 (2d Cir.2001)). Because the arresting officers in this case did not violate plaintiffs constitutional rights, there can be no municipal liability even if plaintiff had alleged a specific policy or custom that led to his detainment.
Although we affirm the judgment of the District Court, we acknowledge the personal cost to Martinez. The coincidence of name and birth date left an innocent man in jail for nine days, which is a cause for regret and concern. In a city as large as New York, it is not surprising that a law-abiding citizen would share the same name and birth date with a “wanted” individual. To avoid similarly troubling situations in the future, we urge the Corporation Counsel of the City of New York to encourage city officials to further investigate the problem of mistaken identifications during arrests and consider implementing prophylactic policies, including ensuring adequate representation at arraignments.
We have considered all of Martinez’s arguments and find them to be without merit. Therefore, in light of the foregoing, the judgment of the District Court is AFFIRMED.